## Kirshbaum, *appellant, vs.* Hogan *& al. appellees.*

The bond required by statute authorizing appeals must be filed in Court.

---

APPEAL from the District Court, and motion to dismiss the appeal for reason stated in the opinion of the court.

WOODS and LEARNED, for plaintiff.

BROWNING, for dft.

BY THE COURT.—This cause was submitted to the court upon a motion to dismiss the appeal, because it (the appeal) was not taken, nor bond filed before the court which tried the same.

The statute approved January 17, 1840, authorizing appeals from the District Court to the Supreme Court, provides that such appeal must be prayed for at the *time* such judgment or decree is rendered, and provides further that the party or some person in his behalf praying for such appeal shall give bond with satisfactory security to be approved of by the court, or the clerk thereof. The appeal in this case was prayed for in court; but the bond was not filed nor approved until after the adjournment of the court. The question for the court to decide is whether the bond should have been filed in court, or during the session thereof. We are of opinion that it ought to have been so filed. The statute after requiring the appeal to be prayed for in court, goes on to prescribe the manner and condition of the appeal. Although it is not very clear from the terms of this section of the statute, whether the bond must be also filed in court, yet we feel constrained to put that construction upon it for the reasons that the statute in no other place fixes the time within which the appeal may be taken, and unless it be limited to the time previous to the adjournment of the court, it could be had at any future time, which certainly could not have been the intention of the legislature, and which latter construction would give rise to endless litigation, difficulty and confusion.

The appeal is dismissed.